UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYNE M. SEETO, <br><br> Plaintiff(s),v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., <br><br> Defendant(s). | Case No. 2:25-cv-00519-CDS-NJK <br><br> **Order** <br><br> [Docket Nos. 18, 21] |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint. Docket No. 21. No response was filed. Also pending before the Court is an order to show cause why service should not be deemed effective and default not entered as to Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Docket No. 18. LVMPD filed a response. Docket No. 23. The Court does not require a hearing. *See* Local Rule 78-1.

**I.    LEAVE TO AMEND**

The Court first addresses the motion for leave to file a second amended complaint. Docket No. 21. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.*

Leave to amend is warranted here. Most importantly, there is no prejudice to any defendant by allowing amendment. No defendant has responded to the existing complaints and each will have the opportunity to respond to the second amended complaint. The other factors do not, on

balance, warrant denial of leave to amend. There is no evidence of either bad faith or undue delay. Although Plaintiff has previously amended the complaint, he has only done so once and is proceeding *pro se*. Lastly, the Court declines to consider futility, as that is an issue better addressed to a motion to dismiss. *Underwood v. O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 346-47 (D. Nev. 2022).

Accordingly, the Court will grant the motion for leave to file a second amended complaint.

## II.     ORDER TO SHOW CAUSE AS TO DEFAULT

The Court next addresses the pending order to show cause. Docket No. 18. It has been black letter law for decades that the service requirements are simply meant to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). It has also been well-settled law for more than a century that courts should not indulge ticky-tacky procedural arguments being advanced to evade the courts' jurisdiction despite defendants receiving reasonable notice of the lawsuit. *See, e.g.*, *Grannis v. Ordean*, 234 U.S. 385, 397-98 (1914) (rejecting argument that slight misspelling of the defendant's name on summons rendered it ineffective). It is also common sense that such efforts are especially disfavored when employed by sophisticated entities in suits brought by *pro se* litigants. *See, e.g.*, *Smith v. Saribay*, 2021 WL 1824292, at *2 n.5 (D. Nev. Apr. 29, 2021).

Particularly against this backdrop, the Court is unpersuaded by LVMPD's position that it properly "refused" service based on the contention that the Clerk's Office failed to issue both an original summons and a copy of the original.[1] The Court would be inclined to find LVMPD has defaulted. Nonetheless, the service at issue was made with respect to the initial complaint. *See* Docket No. 12. In light of Plaintiff's subsequent amendment to the complaint, a default entered

---

[1] The Court will not resolve the arguments raised in LVMPD's response given the mootness of default. The Court notes, however, that LVMPD appears disingenuous in insisting it is not creating obstacles or engaging in a cat-and-mouse game for service attempted by a *pro se* litigant when it goes on to indicate that its course of conduct is meant to preserve all "procedural defenses," no matter how minor or technical. *See* Docket No. 23 at 3. LVMPD also appears to suggest that procedural defects in the form of the summons must be cured to establish jurisdiction. *See id.* Not so. A defendant may waive arguments as to procedural defects in the summons by simply responding to the complaint without raising those defects. *See* Fed. R. Civ. P. 12(h)(1).

as to the initial complaint would be moot at this juncture. *See, e.g.*, *United States v. Proceeds from the Sale of a Condo. Located at the Ritz Carlton in Los Angeles, Cal.*, 2016 WL 11772212, at *1 (C.D. Cal. Aug. 5, 2016) (collecting cases).

Accordingly, the Court will discharge the order to show cause as moot. LVMPD is urged moving forward to avoid overly technical arguments so that cases can advance in the ordinary course.

### III.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion for leave to file a second amended complaint. The Clerk's Office is **INSTRUCTED** to file the second amended complaint on the docket.[2] The Clerk's Office is also **INSTRUCTED** to issues summons for each of the defendants named in the second amended complaint. In addition, the Court **RESETS** the deadline to effectuate service to November 3, 2025.

Given the circumstances above, the Court also provides an opportunity for LVMPD to waive additional service efforts. No later than September 16, 2025, LVMPD must file a notice as to whether it waives service of summons and the second amended complaint. If service is waived, LVMPD will have 60 days to respond to the second amended complaint from the date of the issuance of this order.

IT IS SO ORDERED.

Dated: August 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The motion and the proposed second amended complaint have been combined into one PDF file. *See* Docket No. 21. The second amended complaint is specifically at pages 5-17 of Docket No. 21.