UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ryne M. Seeto, | Case No. 2:25-cv-00519-CDS-NJK |
| Plaintiff | **Order Granting LVMPD's Motion to Dismiss and Denying Plaintiff's Motions for Default Judgment and for a Protective Order** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants | [ECF Nos. 30, 33, 36] |

In the second amended complaint (SAC), pro se plaintiff Ryne M. Seeto brings this § 1983 action against the Las Vegas Metropolitan Police Department (LVMPD), Director of the Nevada Department of Public Safety (NPS) George Togaliatti, NPS Colonel Michael Edgell, and unidentified "John Doe" LVMPD officers. *See* SAC, ECF No. 26. LVMPD moves to dismiss the SAC. Mot., ECF No. 30. Seeto opposes the motion. Opp'n, ECF No. 34. This motion is fully briefed. Reply, ECF No. 35. Also pending before the court are Seeto's motion for default judgment and motion for a protective order. *See* Pl.'s mots., ECF Nos. 33, 36. For the reasons set forth herein, the motion to dismiss is granted, and the motions for default judgment and a protective order are denied.[1]

---

[1] This motion was filed as an emergency motion without complying with Local Rule 7-4 so the motion is denied. LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion."). Seeto is cautioned that the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. LR 7-4(c). Because the motion was inappropriate filed as an emergency, I kindly direct the Clerk of Court to strike the emergency designation.

## I.    Background[2]

In the SAC, Seeto alleges that on August 18, 2024, he was stopped and subsequently arrested by Nevada Highway Patrol officers on an outstanding bench warrant issued by the Clark County District Family Court. *See* ECF No. 26. Subsequent to his arrest, Seeto was charged with possession of a controlled substance, false statement to obstruct an officer, and intoxicated pedestrian on the road. *Id.* at 6, ¶ 18.

Seeto brings this 42 U.S.C. § 1983 action that makes numerous allegations, including: (1) he was inappropriately denied access to a telephone while in pretrial detention; (2) he was inappropriately placed in isolation at the Clark County Detention Center (CCDC); (3) he was mocked by CCDC officers; and that (4) he was subjected to "systematic" mistreatment by CCDC officers, which he contends "suggests [a] CCDC polic[y], custom, or deliberate indifference by supervisors," (5) wrongful seizure of his vehicle, and (6) deprivation of his due process rights. *See generally id.*

## II.    Legal standard

The Federal Rules of Civil Procedure (FRCP) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient.[3] *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[2] Unless otherwise noted, the court only cites to the SAC to provide context to this action, not to indicate a finding of fact.

[3] Because plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). I apply this standard herein.

not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So the court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Further, FRCP 8(a)(2) requires, among other things, that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires "[e]ach allegation [to] be simple, concise, and direct." A district court may dismiss a complaint for failure to comply with Rule 8. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal of plaintiff's complaint was appropriate as it exceeded seventy pages in length, was confusing, conclusory, and not in compliance with Rule 8); *see also McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

III.     Discussion

    A.  LVMPD's motion to dismiss (ECF No. 30)

LVMPD moves to dismiss counts I–III, V, and VI–X of the SAC. *See* ECF No. 30. LVMPD is not named as a defendant, so it asserts dismissal is warranted. *Id.* Seeto does not directly address this argument. Instead, he avers that the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), precludes dismissal and that the SAC meets the requirements of FRCP 8(a). *See* ECF No. 34.

The court must first address the use of "Doe" defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Rule 8 of the FRCP requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). However, "where the identity of alleged defendants will not be known prior to the filing of a complaint . . . [a] plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *AF Holdings LLC v. Does 1-96*, at *1 (N.D. Cal. Sep. 27, 2011) (citation modified). The plaintiff must nevertheless still "allege specific facts showing how each particular [Doe] defendant violated his rights." *Keavney v. Cnty. of San Diego*, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020).

LVMPD correctly asserts that no LVMPD officer is named as a defendant in counts I–III, V, and VI–X of the SAC. Rather, the entire SAC only names "Doe Defendants," without identifying who they are or in which department they worked. *See* ECF No. 26. This specificity is critical here, as the background information of the SAC alleges misconduct by both NPS and LVMPD officers.[4] Thus, at a minimum, there needs to be specificity regarding in which

---

[4] In his opposition, Seeto moves for an order permitting "limited discovery" to allow him to clarify his

department the Doe Defendants worked. Without it, the SAC fails to give fair notice of the allegations and claims directed against any defendants. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" ). The lack of this information is fatal to the SAC because it does not contain enough factual content for the court to draw reasonable inferences that any LVMPD employee is liable for the allegations set forth in the SAC. *Iqbal*, 556 U.S. at 678. Stated otherwise, the SAC fails to comply with FRCP 8, so dismissal is warranted.

However, because it is not clear whether amendment would be futile, I grant Seeto limited leave to file a third amended complaint.[5] Seeto should keep in mind that, as a general rule, the use of "John Doe" to identify a defendant is disfavored. *See Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968). However, in some situations, the identity of alleged defendants will not be known prior to the filing of a complaint. But the complaint can, at a minimum, identify the specific department in which each Doe Defendant allegedly worked.

Seeto should also keep in mind that to be liable under § 1983 when acting under color of state law, there must be a showing of personal participation in the alleged rights deprivation; there is no respondeat superior liability under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (rejecting the concept of respondeat superior liability in the § 1983 context and requiring individual liability for the constitutional violation); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations).

Further, when suing a municipal entity under § 1983, a plaintiff must show that their injury was caused by a municipal policy or custom. *Monell*, 436 U.S. at 694. To establish municipal liability for failing to act to preserve constitutional rights, the Ninth Circuit requires that plaintiffs demonstrate (1) that the plaintiff "possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate

---

allegations. I deny that request at this time. At a minimum, the complaint must comply with FRCP 8(a) before the court will consider such a discovery request.

[5] Additional instructions are provided in the conclusion.

indifference' to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation.'" *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has held that "a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citation omitted). But a few "isolated or sporadic incidents" are insufficient to prove that a city has an unconstitutional custom or practice. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). If Seeto files a third amended complaint with a *Monell* claim, it must set forth sufficient and plausible allegations to support the claim.

**B.   Seeto's motion for default judgment (ECF No. 33) is denied.**

Defendants Michael Edgell and George Togliatti were served with the summons and second amended complaint in this action on October 2, 2025. *See* Summons ret., ECF No. 29. No answer or other responsive document was filed by these two defendants as required by FRCP 12(a). On October 30, 2025, Seeto filed a motion for default judgment against the Nevada Highway Patrol (NHP), NPS, Togliatti, and Edgell. ECF No. 33. But Seeto failed to follow the procedural requirement for obtaining default against them.

A party seeking entry of default and default judgment under Federal Rule of Civil Procedure 55 must follow a two-step process: (1) seek entry of default from the clerk of the court, and then (2) file a motion for default judgment before the district court. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see also Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). When the clerk of court has not entered default against a defendant, a motion for default judgment against the defendant is improper. *Marty v. Green*, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to

properly file a motion for default judgment."). Seeto has not sought, nor has the clerk of the court entered default. Accordingly, Seeto's motion for default judgment is denied.

### C.  Seeto's motion for a protective order (ECF No. 36) is denied.

On November 6, 2025, Seeto filed a motion for a protective order, styled as an "emergency motion" against NHP . ECF No. 36. He seeks several forms of relief, including an order directing NHP to remove a "NCIS flag" and directing Las Vegas Municipal Court from proceeding in a case concerning Seeto's arrest in November 2025. *See id.* at 9. I deny this motion for several reasons. First, as noted above, Seeto failed to comply with Local Rule 7-4. *See supra* note 1. I apply LR 7-4(c) and deny the motion. LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.").

Second, the motion is also denied because it fails to cite any applicable points and authorities to support entry of a protective order. The party seeking a protective order "has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). Indeed, courts "insist[ ] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Here, the motion lodges numerous, self-serving accusations and allegations against NHP, which stem from an arrest of Seeto. This is insufficient for the court to grant Seeto's motion and it leads to the third reason this motion is denied.

The Supreme Court explains that "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). But there are exceptions to that rule. One such exception is the *Younger* abstention doctrine. *See Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018)). *Younger* cautions against federal interference with ongoing state criminal, civil,

and administrative proceedings. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). *Younger* abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).[6]

All four prongs of *Younger* are present here: (1) Seeto has an ongoing case in state court; (2) the case implicates a criminal proceeding; (3) Seeto fails to allege facts showing he has been denied adequate opportunity to address any alleged violations of his constitutional rights in his state court proceedings; and (4) as relief, he asks this court to intervene and enjoin the state court. Accordingly, *Younger* abstention appears to apply so this court denies Seeto's motion for a protective order.

**IV.    Conclusion**

IT IS HEREBY ORDERED that LVMPD's motion to dismiss **[ECF No. 30] is GRANTED without prejudice and with limited leave to amend.** If Seeto elects to amend the complaint, it but be filed no later than July 31, 2026, and be titled "Third Amended Complaint" (TAC). If a TAC is filed, Seeto is not permitted to bring any new claims. Further, the TAC must be complete in itself, meaning Seeto cannot reference any prior complaint. *See* LR 15-1(a) (requiring that an amended complaint be complete in itself without reference to any prior pleading or exhibit); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (as a general rule, an amended complaint supersedes any previously filed complaint).

---

[6] Even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Seeto's self-serving accusations and legal conclusions are insufficient to show *Younger* should not apply here.

IT IS FURTHER ORDERED that Seeto's motion for default judgment [ECF No. 33] and motion for protective order [ECF No. 36] are DENIED.

The Clerk of Court is kindly directly to strike the emergency designation from ECF No. 36.

Dated: July 10, 2026

_____
Cristina D. Silva
United States District Judge

9