UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ryne M. Seeto,

Plaintiff

v.

Las Vegas Metropolitan Police Dept., et al.,

Defendants

Case No. 2:25-cv-00519-CDS-NJK

**Order Dismissing and Closing Case**

On July 10, 2026, I granted defendant Las Vegas Metropolitan Police Department's motion to dismiss without prejudice and with limited leave to amend. Order, ECF No. 40. Plaintiff Ryne Seeto had until July 31, 2026, to file a third amended complaint. *Id.* at 9. That extended deadline expired, and Seeto did not file an amended complaint or move for an extension of time to do so.

## I. Discussion

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999)). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Yourish*, 191 F.3d at 992 (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Seeto has delayed further adjudication of his claims by failing to timely amend his complaint so there is currently no operative complaint on file. This case cannot proceed without Seeto's compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. Seeto has not provided an explanation, non-frivolous or otherwise, for his failure to file an amended complaint.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. Seeto was given an opportunity to amend his complaint to comply with Fed. R. Civ. P. 8 and provide the identity of the doe defendants—or at a minimum, identify the specific department in which any doe defendant allegedly worked. However, he did not. And without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). The court attempted to avoid dismissal when it issued its July 10, 2026 order giving Seeto an opportunity to amend his complaint and remedy the deficiencies therein. Nonetheless, although Seeto has had ample opportunity to do so, he has failed to either file a third amended complaint or request additional time to file one. Seeto's decision not to amend leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

## II. Conclusion

Finding that four of the five factors weigh in favor of dismissal, I hereby dismiss this action without prejudice under Fed. R. Civ. P. 41(b). The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: August 25, 2026

__________________________________
Cristina D. Silva
United States District Judge